IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL HERNANDEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1191-N |
| | § | |
| SCOTT WEBER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses BI Incorporated's ("BI") motion to dismiss [8]. For the reasons that follow, the Court grants the motion.

**I. THE PARTIES' ANKLE MONITOR DISPUTE**

Six Plaintiffs,[1] characterized as "Noncitizen Americans,"[2] brought suit in this Court to challenge the Immigration and Customs Enforcement ("ICE") agency's authority to place ankle monitors on individuals who, although under final orders of deportation to leave the United States, were released under their own recognizance. Plaintiffs sued both ICE and BI Incorporated, a third-party contractor that provides monitoring assistance to ICE, seeking injunctive and declaratory relief, as well as damages, alleging that ankle monitoring exceeds

---

[1]Angel Hernandez, Maribel Arellano, Adam Lieber, Yessica Montano, Marissa Granados, and Rinawati Sulaeman.

[2]According to Plaintiffs, a Noncitizen American is "any individual who by and large has continuously resided in the United States for the majority of their lives, has outstanding moral character, and no criminal record that would bar adjustment of status with or without waiver under the INA and has been released on their own recognizance." Compl. n. 1.

the scope of authority granted by 8 C.F.R. § 236 and violates the Fourth, Fifth, and Eighth Amendments.[3] Plaintiffs argue that the ICE has no statutory or regulatory authority to use the ankle monitors. Plaintiffs also allege that the ankle monitor technology is unnecessarily, intrusive, and embarrassing. BI moves to dismiss for untimely service, *see* FED. R. CIV. P. 4(m), insufficient service, *see id.* 12(b)(5), insufficient process, *see id.* 12(b)(4), and for failure to state a claim. *See id.* 12(b)(6). Plaintiffs did not respond to BI's motion.

## II. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST BI

### A. 12(b)(6) Standard

When faced with a Rule 12(b)(6) motion to dismiss or a 12(c) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

---

[3]Plaintiffs' complaint fails to specifically name the Amendments. However, Plaintiffs do imply that electronic monitoring violates the plaintiffs' "right to privacy and equality" (Fourth and Fifth Amendments) and constitutes "cruel and unusual punishment" (Eighth Amendment). *See* Compl. ¶¶ 42, 48.

But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### *B. Plaintiffs Fail to Allege Any Unconstitutional Act by BI*

Plaintiffs' complaint alleges, generally, that ICE lacks authority to electronically monitor Noncitizen Americans. Plaintiffs mention BI only twice in their 35-page complaint. First, Plaintiffs allege that "Defendant BI Incorporated is a third party contractor provides [sic] case management of Intensive Supervision Appearance Program (ISAP) participants. BI Incorporated develops implements and coordinates case management under a contract with ICE." Compl. ¶ 5. Second, Plaintiffs theorize that ankle monitor technology is outdated because Plaintiffs "feel that ICE has made a huge contract with defendant BI Incorporated." Compl. ¶ 83.

*1. Plaintiffs Adequately Plead State Action.* – As an initial matter, BI argues that these allegations fail to show that it is a state actor. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("As a matter of substantive constitutional law the state-action requirement reflects a judicial recognition of the fact that 'most rights secured by the Constitution by the Constitution are protected only against infringement by governments[.]'"

(quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). However, Plaintiffs do plead that BI acted jointly with ICE, a state actor. *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (private actor subject to Constitution where actor "participates in joint activity with state actors"). This is sufficient to plead BI's state action. Nevertheless, the Court holds that Plaintiffs fail to state any constitutional violation by BI.

*2. The Complaint Fails to Allege That BI Violated the Fifth Amendment.* – Plaintiffs' liberty interest is not fundamental. *See Demore v. Kim*, 538 U.S. 510, 521 (2003) ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to its citizens." (quoting *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976))). Thus, the restrictions imposed by ICE need only be rationally related to a government interest. *See id.* at 528 ("[W]hen the government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."). Courts addressing the issue have uniformly held that utilizing ankle monitors for persons awaiting removal satisfies Due Process. *See Iruene v. Weber*, No. 3:12-CV-1864-O-BH, 2012 WL 5945079, at *3 (N.D. Tex. Aug. 1, 2012) (citing cases), *report and recommendation adopted*, 2012 WL 5995350, at *1 (N.D. Tex. Nov. 28, 2012); *see also Zadvyas v. Davis*, 533 U.S. 678, 695 (2001) ("[W]e nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions."). This Court agrees.

***3. The Complaint Fails to Allege That BI Violated the Fourth Amendment.*** – Electronic monitoring does not always implicate a privacy interest protected by the Fourth Amendment. *See U.S. v. Gardner*, 523 F. Supp. 2d 1025 (N.D. Cal. 2007) (holding that no privacy interest was implicated where ankle monitor alerted law enforcement when subject was more than 300 feet away from home). Plaintiffs do not allege any facts regarding the conditions of the monitoring. Thus, the Court is unable to determine whether any privacy interest is actually implicated. Further, Plaintiffs also ask the Court to order the use of "less intrusive devices," such as wrist watches that serve the same function. Thus, although Plaintiffs mention privacy interests in their complaint, Plaintiffs do not actually seek to to redress any actual privacy concern. The Court accordingly dismisses Plaintiffs' Fourth Amendment claims against BI.

***4. The Complaint Fails to Allege That BI Violated the Eighth Amendment***. – Plaintiffs appear to bring two different types of Eighth Amendment claims. First, Plaintiffs allege that they are law-abiding people, and thus, the punishment of ankle monitoring is out of proportion with their crimes. Second, Plaintiffs allege that the ankle monitors are chosen to "inflict discomfort and humiliation on noncitizens." The Court construes this as an "unnecessary and wanton infliction of pain"-type claim. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992). Plaintiffs fail to state either type of claim.

The Eighth Amendment prohibits punishments that are grossly disproportionate to the crime. *See Solem v. Helm*, 463 U.S. 277, 288 (1983). But the Supreme Court expressly affirmed congressional authority to detain noncitizens or subject noncitizens with certain

conditions. *See Zadvyas*, 533 U.S. at 695. In fact, the Supreme Court held that incarcerating those noncitizens *for up to six months* was presumptively reasonable for the same offense, and indeed, longer incarceration may be necessary in some instances. *See id.* at 701. Based on the Court's decision in *Zadvyas*, if full incarceration is reasonable for the same offense, ankle monitoring, if construed as a punishment at all, it is not grossly disproportionate punishment.

The Eight Amendment also prohibits punishments that inflict "unnecessary and wanton infliction of pain." *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Conduct which does not purport to be punishment at all must involve more than ordinary lack of due care. *Whitley v. Albers*, 475 U.S. 321, 319 (1986). Electronic monitoring does not purport to be punishment. Rather, it is utilized as part of an overall process, the Intensive Supervision Appearance Program, that is used to decrease abscondence among noncitizens awaiting deportation without resort to full detention. Given that monitoring does not purport to be punishment, Plaintiffs' allegations do not state an Eighth Amendment claim. Plaintiffs allege that the monitors are larger than necessary, cannot be hidden under clothes, and require frequent charging. Compl. ¶ 51. These are insufficient allegations of unnecessary or wanton infliction of pain. *See Nelson v. Henderson*, 232 F.3d 902, 902 (10th Cir. 2000) (dismissing Eighth Amendment claim where ankle monitor caused preexisting ankle injury to heal improperly); *Ferguson v. Dier-Zimmel*, 809 F. Supp. 668, 670 (E.D. Wis. 1992) (dismissing claim that electronic monitoring violates Eighth Amendment as frivolous).

Thus, Plaintiffs fail to state any constitutional violation committed by BI. Because Plaintiffs only other allegation – that ICE has no authority to electronically monitor Noncitizen Americans – does not relate to BI, the Court grants BI's motion and dismisses Plaintiffs' claims against BI. Accordingly, the Court dismisses Plaintiffs' claims against BI with prejudice. Because the Court dismisses the entirety of Plaintiffs' claims against BI on 12(b)(6) grounds, the Court need not address BI's other arguments.

## CONCLUSION

For the reasons stated above, the Court grants BI's motion and dismisses Plaintiffs' claims against BI with prejudice.[4]

Signed March 12, 2013.

_____
David C. Godbey
United States District Judge

---

[4] Consistent with not responding, Plaintiffs have not sought leave to amend. The Court thus does not grant such leave.

ORDER – PAGE 7

ORDER – PAGE 8